UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| JAMELL MALONE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 13-cv-08747 |
| | ) | |
| SECURITAS SECURITY SERVICES, | ) | Judge Sharon Johnson Coleman |
| et al., | ) | Magistrate Judge Mary M. Rowland |
| Defendant. | ) | |

**SECURITAS SECURITY SERVICES' MEMORANDUM OF LAW
IN SUPPORT OF ITS MOTION TO DISMISS PLAINTIFF'S
COMPLAINT PURSUANT TO RULE 12(B)(6)**

NOW COMES the Defendant, Securitas Security Services USA, Inc. ("Securitas") by and through its attorneys, SCHIFF HARDIN LLP, and submits the following Memorandum of Law in Support of its Motion to Dismiss Plaintiff's Complaint Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure ("Fed. R. Civ. P.").

**I.  INTRODUCTION**

The Plaintiff, Jamell Malone, is a former employee of Securitas. He seeks relief related to his termination by Securitas on or about September 5, 2012. Compl. ¶ 6. In his pro se Complaint, Plaintiff alleges that he was subjected to discrimination in violation of the Americans with Disabilities Act. Compl. ¶ 9(c). In addition, Plaintiff alleges that Securitas committed "FMLA violations." Compl. ¶ 12(h). To support these assertions, however, he only alleges that: (1) he was discharged after he was told that he could not return to work "even though [his] doctor said it was okay;" (2) he was told that he could not "return because of [a] court date, but would need to be reinstated after charges are cleared;" and (3) that he was "fired due to Human Resources and Local 1 SEIU lack of representation." Compl. ¶ 13. There are no other facts alleged in the Complaint. Based on his failure to meet his pleading burden under Rule 8(a)(2) of the Federal Rules of Civil

Procedure, Plaintiff's ADA and FMLA claims against Securitas should be dismissed pursuant to Rule 12(b)(6).

## II. PLAINTIFF'S COMPLAINT MUST BE DISMISSED PURSUANT TO RULE 12(B)(6)

### A. The Standard for Dismissal Under Rule 12(b)(6).

A motion under Rule 12(b)(6) is brought to test the legal sufficiency of the complaint. *Gibson v. City of Chicago*, 910 F.2d 1510, 1520 (7th Cir. 1990); *Levin v. Bd. of Educ. of City of Chicago*, 470 F.Supp.2d 835, 840 (N.D. Ill. 2007). In ruling on a 12(b)(6) motion, the court must accept all well-pleaded factual allegations as true and construe the allegations in the light most favorable to the plaintiff. *Gibson*, 910 F.2d at 1520-21; *Schweich*, 1993 WL 462854, at *1; *Levin*, 470 F. Supp. 2d at 840. But a "complaint which consists of conclusory allegations unsupported by factual assertions fails even under the liberal standard of Rule 12(b)(6)." *Jackson v. E.J. Brach Corp.*, 176 F.3d 971, 978 (7th Cir. 1999).

To meet the pleadings requirements under Rule 8(a)(2) and avoid dismissal pursuant to Rule 12(b)(6), a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The Complaint must provide the defendant with notice of the claims and the grounds upon which the complaint rests. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). It is not necessary that a court strain to find inferences not plainly apparent from the face of the complaint. *Coates v. Illinois State Bd. of Educ.*, 559 F.2d 445, 447 (7th Cir. 1977). Dismissal of the complaint is appropriate where the factual allegations alleged in the complaint, if accepted as true, do not entitle a plaintiff to relief. *Lucien v. Preiner*, 967 F.2d 1166, 1168 (7th Cir. 1992).

**B.      Plaintiff Failed to Properly Plead a Violation of the Americans With Disabilities Act.**

The allegations asserted in Plaintiff's Complaint do not allow this Court to draw a reasonable inference that Securitas has violated the ADA. As such, Plaintiff's Complaint must be dismissed pursuant Fed. R. Civ. P. 12(b)(6). *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949. To state a *prima facie* claim for employment discrimination based on a disability, Plaintiff must demonstrate that he: (1) is disabled within the meaning of the ADA, (2) is qualified to perform the essential functions of his job with or without accommodations, and (3) suffered an adverse employment action because of his disability. *Dvorak v. Mostarid Platt Ass'n, Inc.*, 289 F.3d 479, 483 (7th Cir. 2002). The ADA defines the term "disability" as "a physical or mental impairment that substantially limits one or more major life activities." 42 U.S.C. 12102(1)(A). This definition also includes instances where an employee has a "record of such an impairment" or is "regarded as having such an impairment." 42 U.S.C. 12102(1)(B), (C).

Here, Plaintiff has failed to plead a *prima facie* case of discrimination under the ADA because he has not set forth any facts which would entitle him to relief under the Act. Importantly, Plaintiff does not allege in the Complaint that he is disabled. In addition, he has also failed to identify a medical condition that could be construed as a "physical or mental impairment that substantially limits one or more major life activities." *See Lasisi v.Follett Higher Education Group, Inc.* 2014 WL 582186 at *1 (N.D. Ill. Feb. 14, 2014) (granting dismissal where Plaintiff only alleged that he suffered from a herniated disc and an adverse reaction to medication because such allegations are insufficient to establish a physical or mental impairment that substantially limits a major life activity). Accordingly, it is clear that Plaintiff cannot meet the first requirement of the *prima facie* case.

Further, Plaintiff has not pled any facts that would support an inference that Securitas took an adverse action against Plaintiff on the basis of his disability. Plaintiff only alleges that he was: (1) notified that he could not return to work even though he had received authorization from his doctor to return to work; (2) notified he could not return to work because of a "court date" and "would need to be reinstated after charges [were] cleared;" and (3) discharged by Securitas "due to Human Resources and Local SEIU lack of representation." Compl. ¶ 13. But these facts are insufficient to establish that Securitas took an adverse action against Plaintiff on the basis of his disability. In fact, Plaintiff has alleged just the opposite, as he admits that he was unable to return to work because of a "court date." Compl. ¶ 13. It is therefore clear from these averments that Plaintiff has not met his pleading burden pursuant to Rule 8(a)(2). *See Mendoza v. Cellusuede Products, Inc.* 2011 WL 4684357 at * (N.D. Ill. Oct. 5, 2011) (granting dismissal where Plaintiff failed to demonstrate that that he was discharged "on account of his disability" by only alleging that he was "laid off 'because business was low.'").

Accordingly, by failing to plead facts sufficient to demonstrate that he has a disability such that he is entitled to the protections of the ADA or that he was terminated on the basis of that disability, Plaintiff's ADA claim against Securitas must be dismissed.

### C. Plaintiff Has Also Failed to Establish That Securitas Violated the Family Medical Leave Act.

Plaintiff has similarly failed to plead any facts sufficient to demonstrate that his termination violated the FMLA. Although it is unclear from the face of the Complaint whether Plaintiff is stating a claim of FMLA interference or retaliation, Plaintiff has failed to meet his pleading burden under Rule 8(a)(2) for either claim; therefore his FMLA claim should be dismissed.

The FMLA prohibits any employer from interfering with, restraining, or denying the exercise of or the attempt to exercise, any right provided under the Act. 26 U.S.C. 2615(a)(1). If Plaintiff is alleging FMLA interference, Plaintiff must plead facts which demonstrate that: (1) he was an eligible employee under the FMLA; (2) Securitas was covered by the FMLA; (3) he was entitled to leave under the FMLA; and (4) he was denied FMLA benefits he was entitled to. *Goelzer v. Sheboygan County*, 604 F.3d 987, 993 (7th Cir. 2010). To be an eligible employee under the Act, Plaintiff must have worked 1250 hours over the preceding twelve months. 29 U.S.C. § 2611(2)(A). A private employer is obligated to comply with the FMLA if it maintained 50 or more employees on the payroll during 20 or more calendar workweeks in either the current or the preceding calendar year. 29 U.S.C. § 2611(4); 29 C.F.R. § 825.105.

Plaintiff has not established a *prima facie* case of FMLA interference because he has not pled any facts to demonstrate that he is an eligible employee under the Act or that Securitas is an employer covered by the Act. Nor has Plaintiff alleged that he was entitled to leave under the FMLA. Although he indicates that he "couldn't return even though [his] doctor said it was okay," Plaintiff does not state whether he was on an approved FMLA leave at the time he was told that he could not return. Finally, Plaintiff fails to allege that Securitas denied him any FMLA benefits that he was entitled to. *See Kinsella v. American Airlines, Inc.*, 685 F. Supp. 2d 891, 903 (N.D. Ill. 2010) (for claims to survive, plaintiff must demonstrate that she was denied a right to take FMLA leave). By failing to set forth any of the facts necessary to plead a *prima facie* case of interference, Plaintiff's FMLA claim must be dismissed based on its failure to meet this court's pleading standards.

Even if Plaintiff is alleging FMLA retaliation, and not interference, Plaintiff's claim must still be dismissed. To plead FMLA retaliation, a plaintiff must assert facts which demonstrate

that (1) he engaged in a statutorily protected activity; (2) his employer took an adverse action against him; (3) there is a causal connection between the protected activity and the adverse action. *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011). To satisfy the first element of the *prima facie* case, a plaintiff must allege facts which specify the "conduct in the workplace" that the employee reported. *EEOC v. Concentra Health Systems, Inc.*, 496 F.3d 771, 781 (7th Cir. 2007).

Plaintiff cannot meet the first and third elements of the *prima facie* case because he has not alleged that he engaged in any form of statutorily protected activity or that there is a casual connection between his discharge and any alleged statutorily protected activity. Because Plaintiff has not pled any facts sufficient to support an FMLA retaliation claim, his FMLA claim must also be dismissed.

### III. CONCLUSION

For all the foregoing reasons, Securitas Security Services USA, Inc. respectfully requests that this Honorable Court dismiss Plaintiff's Complaint, with prejudice, as it fails to state a claim upon which relief can be granted.

Respectfully submitted,

**SECURITAS SECURITY SERVICES USA, INC.**

By: /s/ Lauren S. Novak
    One of the Attorneys for Defendant

Max G. Brittain, Jr. (0297941)
Lauren S. Novak (6293774)
Michael T. Chin (6305617)
SCHIFF HARDIN LLP
233 S. Wacker Drive, Suite 6600
Chicago, IL 60606
312-258-5500
*Attorneys for Defendant, Securitas Security Services USA, Inc.*