MM-7

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

FILED

SEP 16 2014

THOMAS G BRUTON
CLERK, U S DISTRICT COURT

**Plaintiff(s)**

Jamell O Malone

v.

SECURITAS SECURITY SERVICES
LOCAL 1 SEIU UNION

**Defendant(s)**

Case No. 1:13 CV 08747
JUDGE SHARON COLEMAN

MOTION TO STATE CLAIM AND DISMISS DEFENDANTS MOTION

Plaintiff, Jamell O Malone, pursuant to rule 12(b)(6) of the Federal Rules of Civil Procedure, states factual claims against Defendants.

1. Plaintiff, Jamell O Malone, was employed by SECURITAS SECURITY SERVICES on Nov 17, 2009.

2. Plaintiff was discriminated against by SECURITAS SECURITY SERVICES under and in violation of the American with Disabilities Act ("ADA") and "FMLA violations".

(a) SECURITAS SECURITY SERVICES HUMAN RESOURCE REPRESENTATIVE Kathy Zohner, told plaintiff when he tried to return back from FMLA before 90 days that he couldn't return because of court date of 9/20/2012. Plaintiff, Malone would have been employed still if he wasn't told by SECURITAS SECURITY SERVICES that he couldn't return because of a later court date and would be reinstated if charges were dismissed.

(b) Kathy Zohner told Unemployment under oath that I was fired because of an unapproved leave on June 8, 2012, which resulted in plaintiff Malone to receive benefits from Administrative Judge from IDES.

Jamell Malone

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**Plaintiff(s)**

Jurnell O Malone
v.
Securitas Security Services
Local 1 SEIU

Case No. 1:13 CV 08747

JUDGE SHARON COLEMAN

**Defendant(s)**

(C) Plaintiff has Fibromyalgia, Spinal Stenosis, Hyperthyroid, herniated disc, nerve root compression, etc. Plaintiff is currently receiving Social Security Benefits for his condition. This would have entitled him to FMLA if his condition was severe, which it was at the time of plaintiff taking FMLA.

(D) SECURITAS SECURITY SERVICES to adverse action for plaintiff not to return from FMLA by telling him his legal matters are not in best quality for company. Plaintiff tried to return but his disability to the best of his knowledge would be the only reason why the company would tell him not to return and fire him. His allegations are confirmed when KATIE Zohner told Local 1 SEIU that she told Malone of what he would need to be reinstated to job after legal matters were dismissed. Fired Sept 5, 2012, before Sept 20, 2012 court date. Why would plaintiff not return when doctor says its okay, and try to return, but can't, due to employer denial to reinstate him for a legal matter.

3. When employer hired Malone, there an agreement that medical benefits and coverage were given for employees on the job 9 months. Plaintiff was entitled to benefits and FMLA. SECURITAS SECURITY SERVICE had over 450 employees and under FMLA obligations for employees with emergency/critical leave. The LOCAL 1 UNION had a collective bargaining agreement with plaintiff through the employer.

Jurnell Malone

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

**Plaintiff(s)**

Janell O Malone

v.

SECURITAS SECURITY SERVICES
LOCAL 1 SEIU

Case No. 1:13 CV 8747

JUDGE SHARON COLEMAN

**Defendant(s)**

4) LOCAL 1 SEIU UNION duty to plaintiff was to represent him fairly when his rights under the contract with employer have been violated. Plaintiff filed a grievance and was harshly interrogated by Local 1 SEIU Union Representative Laila, siding with employer on his allegations. This is a breach of the Union's duty to fairly represent plaintiff under contract. Plaintiff felt that Union represented employer and not him as an employee. Plaintiff believes LOCAL 1 SEIU grievance could have saved his job with facts that were precise. Plaintiff FMLA was known by Local 1 SEIU due to benefits (short term disability) and medical care at Union Health Service (medical) given to plaintiff before his return. It was in bad faith to interrogate harshly an employee under these circumstances, plaintiff was covered by a collective bargaining agreement

5) Union Health Service was the medical provider for all SECURITAS SECURITY SERVICES employees on this account. It was given to employees as the only clinic care through Blue Cross/Blue Shield HMO/PPO INSURANCE. Union Health Service as a private hospital network. Once plaintiff was fired, all health coverage and other benefits were terminated. This caused plaintiff to not to receive follow ups and treatments that were critical at time of firing. Plaintiff became homeless, lost car, savings, and his other things that were degrading due to his taking of FMLA. Plaintiff was very despondent and became more ill not seeing his doctors.

PLAINTIFF, prays this Honorable Court grants its motion to state claim and dismiss defendants motion, and grant relief that is just

Janell Malone