**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| Jamell O. Malone, | |
| Plaintiff, | Case No. 13 C 8747 |
| v. | |
| Securitas Security Services, *et al.*, | Judge John Robert Blakey |
| Defendants. | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Jamell Malone brought this action *pro se* against his former employer, Securitas Security Services USA, Inc. ("Securitas") and the Local 1 Union SEIU ("Union"). Plaintiff filed a form Complaint on May 1, 2014 [11] alleging violations of the Americans with Disabilities Act ("ADA") and Family and Medical Leave Act ("FMLA"). Plaintiff is also stating a claim against the Union for "lack of representation." As the purported basis for these three claims, Plaintiff has provided one paragraph of factual allegations. The Defendants separately moved to dismiss all of Plaintiff's claims under Federal Rule of Civil Procedure 12(b)(6) [17], [23]. Those motions to dismiss are granted without prejudice as explained below.

**I.  Background[1]**

Plaintiff Jamell Malone alleges that he worked for Securitas at their Chicago location until he was fired on September 5, 2012. [11] at 1-2.  Plaintiff further

---

[1] The Background section is based upon the well-pleaded factual allegations of the complaint and the related documents properly before this Court. The facts are accepted as true solely for the purpose of this motion.

1

alleges that on September 5, 2012, he was told by Securitas that he could not return to work, despite being told by his doctor on August 27, 2012 that it was okay to return. *Id*. at 5. Securitas further told him that he could not return to work because of a pending court date, and that he would need to be reinstated after charges were cleared. *Id*. at 5.

Thereafter, Plaintiff alleges that his subsequent termination was: (1) the result of discrimination based on his disability in violation of the ADA; (2) a violation of the FMLA; and (3) a result of lack of representation by Local 1 Union SEIU. *Id*. at 2, 4, 5. Plaintiff contacted the Equal Employment Opportunities Commission ("EEOC") and asserted his complaints on June 6, 2013. On November 5, 2013, Plaintiff received a *Notice of Right to Sue* from the EEOC. *Id*. at 5. Plaintiff seeks a monetary award for the alleged violations. *Id*. at 5.

## II.   Legal Standard

Under Fed. R. Civ. P. 12(b)(6), the Court must construe the Complaint in the light most favorable to Plaintiff, accept as true all well-pleaded facts and draw reasonable inferences in his favor. *Yeftich v. Navistar, Inc.*, 722 F.3d 911, 915 (7th Cir. 2013); *Long v. Shorebank Development Corp.*, 182 F.3d 548, 554 (7th Cir. 1999). Statements of law, however, need not be accepted as true. *Id*. To survive Defendant's motion under Rule 12(b)(6), the Complaint must "state a claim to relief that is plausible on its face." *Yeftich*, 722 F.3d at 915. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*.

Rule 12(b)(6) limits this Court's consideration to "allegations set forth in the complaint itself, documents that are attached to the complaint, documents that are central to the complaint and are referred to in it, and information that is properly subject to judicial notice." *Williamson v. Curran*, 714 F.3d 432, 436 (7th Cir. 2013).

## III. Claims Against Securitas

Ostensibly, Plaintiff's Complaint alleges claims against Securitas under the ADA and FMLA. Neither cause of action can survive the motion to dismiss, however, because Plaintiff has failed to allege sufficient facts at this point in the proceedings to support a plausible claim for relief.

### A. Americans with Disabilities Act

To establish a *prima facie* claim for employment discrimination based on disability under the ADA, a plaintiff has to allege that: (1) he is disabled within the definition provided by the ADA; (2) he is qualified to perform the essential functions of his job with or without accommodations; and (3) he suffered an adverse employment action because of his disability. *Dvorak v. Mostarid Platt Ass'n, Inc.*, 289 F.3d 479, 483 (7th Cir. 2002). The ADA defines disability as "a physical or mental impairment that substantially limits one or more major life activities." *Dvorak*, 289 F.3d at 484.

Here, Plaintiff's Complaint does not include allegations that he was disabled as defined by the ADA, or that he suffered an adverse action because of that disability. While Plaintiff has attempted to plead additional facts in his response brief, such pleading is improper. Plaintiff may not attempt to cure deficiencies

inherent in a complaint by asserting new facts for the first time in opposition to a motion to dismiss. *Thomason v. Nachtrieb*, 888 F.2d 1202, 1205 (7th Cir. 1989); *Car Carriers, Inc. v. Ford Motor Co.*, 745 F.2d 1101, 1107 (7th Cir. 1984) ("complaint may not be amended by the briefs in opposition to a motion to dismiss"). As such, Plaintiff's Complaint fails to sufficiently allege facts in support of his ADA claim.

### B. Family and Medical Leave Act

Plaintiff's claim under the FMLA (either for interference or retaliation) similarly cannot survive as pled. To assert a claim for FMLA interference, Plaintiff must plead facts that demonstrate: (1) he was an eligible employee under the FMLA; (2) Securitas was covered by the FMLA; (3) he was entitled to leave under the FMLA; and (4) he was denied FMLA benefits to which he was entitled. *Goelzer v. Sheboygan County*, 604 F.3d. 987, 993 (7th Cir. 2010). Here, Plaintiff has failed to plead that: (1) he was an eligible employee, (2) Securitas is an employer covered by the Act, (3) he was entitled to leave, and (4) whether or not he was allowed FMLA leave. *Goelzer*, 604 F.3d 987, 993 (7th Cir. 2010).

To state a claim for FMLA retaliation, the Plaintiff must plead the following: (1) that he engaged in a statutorily protected activity; (2) that his employer took a materially adverse action against him; and (3) that there is a causal connection between the protected activity and the adverse action. *Ames v. Home Depot U.S.A., Inc.*, 629 F.3d 665, 670 (7th Cir. 2011). Plaintiff has pled that he was terminated, however, he has not pled: (1) that he engaged in any statutorily protected activity; or (2) a causal connection between his discharge and any alleged statutorily

4

protected activity. Thus his claim under the FMLA is deficient and cannot survive Defendant's motion to dismiss.

## IV. Local 1 Union SEIU

While it is unclear from the Complaint, it appears that Plaintiff may be alleging claims against the Union under the ADA, FMLA, and breach of duty of fair representation. Nevertheless, Plaintiff has failed to allege any facts showing that a claim for such relief is plausible on its face.

### A. ADA and FMLA

To the extent the Plaintiff is alleging claims against the Union under the FMLA and ADA, those claims are insufficient. As to the purported violation of the ADA, the Seventh circuit has held that while unions must refrain from discriminating within the scope of activities that are particular to them, no burden is imposed on unions to prevent employer discrimination. *EEOC v. Pipefitters Ass'n Local Union*, 334 F.3d 656, 661 (7th Cir. 2003). Here, Plaintiff does not allege that the Union discriminated against him under the ADA in any way. Thus, any claim against the Union would have to be in relation to discrimination by Securitas. Under Seventh Circuit precedent, that is not a viable cause of action.

As to the violation of the FMLA, the Plaintiff's claim fails because the FMLA only imposes liability on the *employer*. 29 U.S.C.A. §§ 2611-17. Here, the employer was Securitas, not the Union. FMLA regulations do not extend to unions unless the union was the plaintiff's employer. *Watkins v. Chicago Transit Auth.*, No. 11 C 292,

2012 WL 580751, at *1 (N.D. Ill. Feb. 22, 2012); *Scamihorn v. General Truck Drivers,* 282 F.3d 1078, 1081 n. 2 (9th Cir. 2002). That is not the case here.

B.   **Duty of Fair Representation**

To the extent Plaintiff is alleging a claim for breach of the duty of fair representation against the Union, his claim fails because it is untimely and Plaintiff has not alleged any facts in support. Any claims brought for breach of the duty of representation must be filed within six months of the union having taken, or failed to take, any action. *DelCostello v. Int'l Bd. Of Teamsters*, 462 U.S. 151, 171-72 (1983); *Daniels v. Am. Postal Workers Union, Chicago Local*, 40 F. App'x 236, 238 (7th Cir. 2002). The Supreme Court has held that the 6-month limitations period in the National Labor Relations Act Section 10(b) governs claims for breach of the duty of fair representation against both the employer and the union. *DelCostello,* 462 U.S. 151, 172. Here, Plaintiff was terminated on September 5, 2012. Plaintiff did not file this lawsuit until December 9, 2013, which was approximately fourteen months after his termination. This is outside the statute of limitations, and Plaintiff has not alleged any other action by the Union that would fall within the statute of limitations. Additionally, Plaintiff has failed to plead any facts showing how the Union failed to provide fair representation.

V.   **Conclusion**

In light of the foregoing, the Defendants' motions to dismiss [17], [23] are granted without prejudice. Plaintiff is granted to leave to file an amended complaint on or before September 15, 2015. Failure to amend the complaint by that time may result in dismissal for want of prosecution.

IT IS SO ORDERED

Dated: September 3, 2015

_____
Judge John Robert Blakey
United States District Court